UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEAN F. MAXWELL,

       Plaintiff,

v.                                                                  Case No:  6:12-cv-5-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

## MEMORANDUM OF DECISION

Sean F. Maxwell (the "Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. More specifically, Claimant appeals the order of the Appeals Council dismissing as untimely his request for review of the Administrative Law Judge's (the "ALJ") decision denying Claimant's application. Doc. No. 21 at 5-11. For the reasons set forth below, the Appeals Council's order dismissing Claimant's untimely request for review is **AFFIRMED**.

I.     **BACKGROUND.**

On December 8, 2004, Claimant filed an application for benefits, which was denied initially and upon reconsideration. R. 20-21, 23-24, 69-73. On February 6, 2007, Claimant, who was represented by counsel, appeared and testified at a hearing before an ALJ. R. 352-72. On March 9, 2007, the ALJ issued an unfavorable decision and Claimant timely sought review from the Appeals Council. R. 305-14, 338-40. On May 25, 2007, the Appeals Council remand the case to the ALJ for further proceedings. R. 333-37. On August 7, 2007, Claimant and his

counsel appeared for a second hearing before the ALJ. R. 373-97. On September 12, 2007, the ALJ issued a decision denying Claimant's application for benefits. The ALJ's decision in the record is signed and dated. R. 408. The cover letter to the ALJ's decision, which is entitled "Notice of Decision," is dated and addressed to Claimant and his counsel. R. 398, 400.[1]

The September 12, 2007 Notice of Decision states:

> To file an appeal, you must file your request for review within 60 days from the date you get this notice. The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had good cause for not filing it on time.

R. 398. Over three years later, on November 19, 2010, Claimant requested review of the ALJ's decision from the Appeals Council. R. 13.

Attached to Claimant's request for review are: 1) a cover letter; 2) a November 19, 2010 letter from Claimant's counsel stating that neither Claimant nor counsel received the Notice of Decision and requesting that the Appeals Council accept Claimant's untimely request for review; 3) what appears to be an unsigned internal memorandum from Claimant's counsel's legal assistant detailing her contacts with the Commissioner after an October 14, 2010 inquiry from Claimant regarding the status of his case; and 4) a memorandum of alleged errors made by the ALJ. R. 14-19. The cover letter states that Claimant also attached an "Email in Support of Late Filing," and a "Case Summary Query in Support of Cause of Late Filing," but those documents are not part of the record on appeal. *See* R. 14.

The internal memorandum states that after receiving a status inquiry from Claimant, counsel's assistant contacted the Commissioner and was advised by an employee that an unfavorable decision had been issued on September 12, 2007. R. 16. In a follow up email, the

---

[1] It is undisputed that the Notice of Decision is addressed to Claimant's current residential address. *See* R. 398. *See also* Doc. No. 21 at 7.

Commissioner's "supervisor in Melbourne . . . advised they may have just gotten the [ALJ's] decision in [2008]."  R. 16.[2]  Another employee of the Commissioner, Karen Ortiz, contacted counsel's assistant approximately 10 days later advising that the ALJ's order had "cleared" on September 12, 2007, "but the documented order had neither a date nor signature of the [ALJ]."  R. 16.  Ms. Ortiz also stated that the ALJ's signature may not have been entered on the order until 2008 or the signature may have been made electronically.  R. 16.  Ms. Ortiz confirmed that the Commissioner had Claimant and counsel's correct mailing address.  R. 16.  Counsel's assistant received a copy of the ALJ's order on November 8, 2010.  R. 17.

On November 1, 2011, the Appeals Council entered an order dismissing Claimant's request for review of the ALJ's decision.  R. 8-12.  In the order, the Appeals Council states that the ALJ's decision was issued on September 12, 2007, and "was mailed to the [C]laimant's current address (the same address used in 2007) and to the representative, and the Council does not find the allegation of non-receipt of the decisions copies to be credible or supported."  R. 11.  Accordingly, the Appeals Council found that "there is no good cause to extend the time for filing, and . . . dismisse[d] the [C]laimant's request for review."  R. 11.  On January 3, 2012, Claimant appealed the final decision in the District Court.  Doc. No. 1.

## II.    THE ISSUE.

The Claimant argues that the case should be remanded to the Appeals Council for it to consider Claimant's request for review because Claimant did not receive the ALJ's decision until November 8, 2010.  Doc. No. 21 at 5-6.  Claimant contends that the Appeals Council failed to consider the evidence Claimant submitted showing that the ALJ's decision was not received by the Commissioner's local office until 2008.  Doc. No. 21 at 6.  First, Claimant states the "Email in Support of Late Filing," which is not part of the record and has not been provided by Claimant

---

[2] The email is not part of the record.

on appeal, shows that the ALJ's decision was not sent to the Commissioner's local office until 2008. *Id*. Second, Claimant maintains that the Appeals Council failed to consider Claimant's counsel's communications with Karen Ortiz. Doc. No. 21 at 6. Claimant asserts that this evidence, although not part of the record, supports the conclusion that the ALJ's decision was not handled in the customary fashion by the Commissioner. *Id*. at 6-7. Thus, Claimant maintains that he has demonstrated good cause for untimely requesting review and the case should be remanded to the Appeals Council. Doc. No. 21 at 7. In the alternative to remanding the case to the Appeals Council, Claimant requests that the Court address directly whether the ALJ's decision is supported by substantial evidence. Doc. No. 21 at 7-10. Claimant does not attach an affidavit or any other type of evidence in support of his position on appeal. Doc. No. 21.

The Commissioner maintains that this Court has jurisdiction only to determine whether the Appeals Council abused its discretion by finding that good cause had not been demonstrated to consider Claimant's request for review. Doc. No. 22 at 3-4 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1238-39 (11th Cir. 1983)). The Commissioner argues that while the Appeals Council's order may have been more articulate, it did not abuse its discretion because it found Claimant's allegations not credible and the ALJ's decision was addressed to Claimant. Doc. No. 22 at 7-8.

### III.   ANALYSIS.

The regulations provide that a claimant may request review of an ALJ's decision from the Appeals Council after the 60 day deadline has passed only upon a showing of good cause for missing the deadline. 20 CFR § 416.1411. The regulations also provide that not receiving notice of the ALJ's decision is a circumstance which may constitute good cause. 20 CFR § 416.1411(b)(7). In the Eleventh Circuit, the District Court has the jurisdiction, pursuant to 42

U.S.C. § 405(g), to review an Appeals Council's decision to dismiss a request for review as a final decision of the Commissioner. *See Waters v. Massanari*, 184 F.Supp.2d 1333, 1339 (N.D. Ga. 2001) ("The Eleventh Circuit is [the] only federal circuit which grants judicial review of the Appeals Council's dismissal of an untimely request for review.") (citing *Langford v. Flemming*, 276 F.2d 215, 218-19 (5th Cir. 1960); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). In conducting review of the Appeals Councils decision, the Court is limited to considering whether the Appeals Council's decision that Claimant did not demonstrate good cause for an untimely request for review is arbitrary or capricious, i.e., whether the Appeals Council abused its discretion. *See Waters*, 184 F.Supp.2d at 1339; *Ford v. Astrue*, 2008 WL 168890 at *1 (N.D. Fla. Jan. 16, 2008).

In this case, some of the evidence Claimant relies upon for the contention that the Appeals Council's decision is arbitrary and capricious – an "Email in Support of Late Filing," and a "Case Summary Query in Support of Cause of Late Filing" – is not part of the record and have not been provided by Claimant. *See* R. 14. The internal memorandum prepared by Claimant's counsel's assistant, which details communications between counsel's assistant and Karen Ortiz, an employee of the Commissioner, is not signed or otherwise authenticated. R. 16-17. In addition, the memorandum simply suggests that the docket version of the ALJ's decision was unsigned, but that the ALJ's signature may have been electronically entered.

The ALJ's order contained in the record is signed and dated, and record contains a cover letter for the order entitled "Notice of Decision" bearing the same date, which is addressed to Claimant and his counsel. R. 398, 400, 408. The Appeals Counsel's statement that the order was mailed to Claimant and his counsel is unverified. R. 11. Similarly, Claimant has not provided any competent evidence, such as an affidavit from himself, his counsel or any other

source, to support his claim that he and his counsel did not receive the order.  The unverified internal memorandum from counsel's office suggests that Ms. Ortiz stated that the docketed version of the order was unsigned and that the ALJ's "signature <u>may not have been</u> entered on [the order] until 2008 or that <u>it may have been</u> entered electronically."  R. 16 (emphasis added).  In addition, the memorandum suggests that the Commissioner's "supervisor in Melbourne" stated in an email that they <u>may have</u> received the ALJ's decision in 2008.  R. 16.  The statements attributed to Ms. Ortiz, and the Commissioner's supervisor in Melbourne, are clearly equivocal and there is nothing inherently wrong with an ALJ's signature being electronically entered on an order.  Based upon the totality of the evidence presented, the Claimant has failed to show the decision of the Appeals Council is arbitrary and capricious.  Accordingly, the Court finds that the Appeals Council's decision to dismiss Claimant's untimely request for review is not an abuse of discretion.

Based on the foregoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and
2. The Clerk is directed to enter judgment in favor of the Commissioner and close the case.

**DONE and ORDERED** in Orlando, Florida on January 25, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party